Liu v. Lynch

BIA
Zagzoug, IJ
A200 745 418

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of May, two thousand fifteen.

PRESENT:
> RALPH K. WINTER,
> JOSÉ A. CABRANES,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

LI LIU,
> *Petitioner,*

v.

LORETTA E. LYNCH, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*[1]

_____

14-966
NAC

FOR PETITIONER: David A. Bredin, Flushing, New York.

---

[1] - Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr.

**FOR RESPONDENT:** Joyce R. Branda, Acting Assistant Attorney General; Kiley Kane, Senior Litigation Counsel; Arthur L. Rabin, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Li Liu, a native and citizen of the People's Republic of China, seeks review of a March 6, 2014, decision of the BIA affirming a September 8, 2011, decision of an Immigration Judge ("IJ") denying Liu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Li Liu,* No. A200 745 418 (B.I.A. Mar. 6, 2014), *aff'g* No. A200 745 418 (Immig. Ct. N.Y. City Sept. 8, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *Xiu Xia Lin v.*

2

*Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008). The agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an asylum applicant's demeanor, the plausibility of her account, and inconsistencies in her statements and other record evidence "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163–64. Substantial evidence supports the agency's determination that Liu was not credible.

The agency reasonably relied on Liu's demeanor, noting that her responsive testimony on direct examination changed significantly upon cross-examination, when her testimony became evasive. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005). The agency's demeanor finding and the overall credibility determination were bolstered by Liu's inconsistent statements regarding whether doctors in China told her that she would be unable to use an intra-uterine device due to uterine damage caused by an abortion. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006); *see also Xiu Xia Lin*, 534 F.3d

3

at 165-67.  The agency also reasonably relied in part on Liu's admission that she made false statements to U.S. consular officials to enter the United States at a time when she was not fleeing persecution.  *See Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007).

Having questioned Liu's credibility, the agency reasonably relied further on her failure to provide certain corroborating evidence to rehabilitate her testimony.  *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).  The IJ did not err in giving diminished weight to Liu's brother-in-law's letter because it was prepared for litigation and the author was an interested party not subject to cross-examination.  *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341-42 (2d Cir. 2006).  Moreover, as the BIA concluded, Liu failed to demonstrate that the IJ violated her due process rights by declining to provide her additional time to obtain corroborating evidence because she did not establish that she was prejudiced as a result.  *See Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008).

Given the demeanor, inconsistency, false statement, and corroboration findings, the agency's adverse credibility

4

determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). That finding is dispositive of asylum, withholding of removal, and CAT relief insofar as they were based on Liu's family planning claim. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006). We lack jurisdiction to review the IJ's denial of CAT relief independent of the credibility determination because Liu did not challenge the IJ's decision to that extent before the BIA. *See Karaj v. Gonzales*, 462 F.3d 113, 119 & n.2 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk